IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDRICK LIPSCOMB, #R33901, | |
| Plaintiff, | Case No. 22-cv-01943-SPM |
| v. | |
| IDOC, CLAYTON STEPHENSON, and RICHARD MILES, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Fredrick Lipscomb, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while he housed at Big Muddy Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### COMPLAINT

Lipscomb alleges that on April 24, 2022, Defendant Richard Miles checked the box on his disciplinary ticket indicating that Lipscomb refused to sign the ticket. Miles served Lipscomb a carbon copy of the ticket and a week later also adjudicated the ticket. Lipscomb states that the counselor, grievance counselor, and the Administrative Review Board refused to acknowledge a 504 violation was committed. (Doc. 1, p. 5).

### PRELIMINARY DISMISSALS

Lipscomb names IDOC as a defendant. However, IDOC is not a "person" subject to suit

for money damages under Section 1983. *Thomas v. Ill.*, 697 F.3d 612, 613 (7th Cir. 2012). Neither can a state agency be sued for prospective injunctive relief in federal court. *See Quick v. Ill. Dep't of Fin. & Prof'l Regulation*, 468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases). Therefore, IDOC will be dismissed.

The Court also dismisses Clayton Stephenson as a defendant. Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the Complaint, if any, are directed against him.

Here, Stephenson is not mentioned anywhere in the Complaint and invoking his name in the case caption is not sufficient to state a claim against him. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). For these reasons, Stephenson is also dismissed.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following counts:

**Count 1:**   Fourteenth Amendment claim against Miles for violating Lipscomb's due process rights.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

When a plaintiff brings an action under Section 1983 for procedural due process violations,

---

[1] *Twombly,* 550 U.S. at 570.

he must plead that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court reviewing a due process claim must, therefore, engage in a two-part inquiry: (1) was there a protected interest at stake that necessitated the protections demanded by due process; and (2) was the disciplinary hearing process conducted in accordance with procedural due process requirements?

Whether the disciplinary procedures employed before and during Lipscomb disciplinary proceedings violated due process need not be considered, however, because Lipscomb has failed to plead that a protected interest was at stake. Lipscomb does not assert he was denied any liberty protected by the due process clause. He only states that the procedures employed to disseminate his disciplinary ticket were in violation of "504." This allegation, if true, does state a constitutional claim. Section 1983 protects plaintiffs from constitutional violations, not violations of state law or regulations. *See Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003). Without a protected liberty interest, due process protections are not required in the first place. Therefore, Count 1 is dismissed.

Because Count 1 is dismissed, the Complaint does not survive preliminary review pursuant to Section 1915A. Lipscomb will be given an opportunity, however, to replead his claims in an amended complaint.

## DISPOSITION

For the reasons set forth above, the Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim for relief.

Lipscomb is **GRANTED** leave to file a "First Amended Complaint" on or before February **3, 2023**. Should Lipscomb fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state a claim, failure to comply with a court order, and/or for failure to

prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Lipscomb use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-01943-SPM). To enable him to comply with this Order, the **CLERK** is **DIRECTED** to mail Lipscomb a blank civil rights complaint form and a motion for recruitment of counsel form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Lipscomb must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Lipscomb is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   January 6, 2023**

                                                *s/Stephen P. McGlynn*
                                                **STEPHEN P. MCGLYNN**
                                                **United States District Judge**