IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FREDRICK LIPSCOMB,**
**#R33901,**

        **Plaintiff,**

v.

**RICHARD MILES,**

        **Defendant.**

Case No. 22-cv-01943-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Fredrick Lipscomb, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred while housed at Big Muddy Correctional Center. This case is now before the Court for preliminary review of the First Amended Complaint[1] under 28 U.S.C. § 1915A. Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## THE FIRST AMENDED COMPLAINT

Lipscomb alleges that on April 24, 2022, Defendant Richard Miles issued him a disciplinary ticket. Prior to delivering the ticket, Miles falsely indicated on the form that Lipscomb had refused to sign the ticket. Miles also refused to place the names of Lipscomb's witnesses for the disciplinary hearing in the master file. Plaintiff asserts that Miles did not properly investigate the incident that was the subject of the disciplinary ticket.[2]

---

[1] Lipscomb submitted an amended complaint on January 20, 2023. (Doc. 12). Then on January 27, he submitted a second amended complaint. (Doc. 15). The two amended complaints are identical. Therefore, the Court will treat the First Amended Complaint (Doc. 12) as the operative complaint and the Second Amended Complaint (Doc. 15) will be stricken.

[2] Lipscomb does not describe his alleged wrongdoing.

At the hearing, Lipscomb claims that he did not have a fair and impartial decision maker, and he was not allowed to call witnesses or present evidence. Lipscomb was found guilty and punished with the loss of good-time credit and 28 days in segregation.

## DISCUSSION

Based on the allegations of the First Amended Complaint, the Court finds it convenient to designate the following count:

**Count 1:** Fourteenth Amendment claim against Miles for violating Lipscomb's due process rights.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[3] pleading standard.**

When a plaintiff brings an action under Section 1983 for procedural due process violations, he must plead that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court reviewing a due process claim must, therefore, engage in a two-part inquiry: (1) was there a protected interest at stake that necessitated the protections demanded by due process; and (2) was the disciplinary hearing process conducted in accordance with procedural due process requirements?

The Court dismissed the original Complaint because Lipscomb had failed to plead that a protected liberty interest was at stake which required due process. (*See* Doc. 11). He only alleged that the procedures employed by Miles to disseminate the disciplinary ticket were in violation of a state regulation. Unfortunately, again, Lipscomb has failed to state a claim for which relief can

---

[3] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

be granted for a due process violation. He asserts that following the disciplinary hearing, he was deducted good time credits and spent 28 days in segregation. While a loss of good time credits implicates a liberty interest, a plaintiff is precluded from bringing claims for damages if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his punishment imposed." *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). *See also Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994); *McAtee v. Cowan,* 250 F.3d 506, 508 (7th Cir. 2001); *Morgan v. Schott*, 914 F. 3d 1115, 1120 (7th Cir. 2019). This means that Lipscomb cannot bring a civil rights action for the sanctions implemented as a result of the faulty disciplinary ticket and hearing until after the disciplinary proceeding is overturned. Lipscomb has not alleged any facts from which the Court can infer that his good time credits have been restored or the decision of the disciplinary board has been vacated, so he cannot challenge the procedures relating to the disciplinary hearing at this time. *See Alexander v. Rasmussen*, 725 F. App'x 418, 420 (7th Cir. 2018) (a prisoner may not challenge a prison disciplinary proceeding under Section 1983 if the disciplinary proceeding included the loss of good-time credits).

 Because Lipscomb's claim is not cognizable under Section 1983, Count 1 is dismissed. The First Amended Complaint does not survive preliminary review pursuant to Section 1915A. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where…the amendment would be futile." *Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here. If the guilty finding is ultimately overturned, however, Plaintiff may return to federal court to assert a due process claim. Thus, the case will be dismissed without prejudice.

 The Motions for Recruitment of Counsel are dismissed as moot, in light of this Order

dismissing the case. (Doc. 13, 16).

## DISPOSITION

For the reasons set forth above, the First Amended Complaint (Doc. 12) and this entire case is **DISMISSED without prejudice** for failure to state a claim for relief. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

The Motions for Recruitment of Counsel are **DENIED as moot.** (Doc. 13, 16). The Clerk of Court is directed to **STRIKE** the Second Amended Complaint. (Doc. 15).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Plaintiff must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   June 1, 2023**

                                            *s/Stephen P. McGlynn*
                                            **STEPHEN P. MCGLYNN**
                                            **United States District Judge**